UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUCERO SALERMO, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>HUGHES, WATTERS, & ASKANASE, L.L.P. and JOHN DOES.<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff Lucero Salermo, on behalf of herself and all others similarly situated, by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendants, Hughes, Watters, & Askanase, L.L.P. (hereinafter referred to as "HWA") and John Does, HWA's lawyers and employees, jointly referred to as "Defendants" and in support thereof alleges the following:

## PRELIMINARY STATEMENT

Ms. Salermo brings this action for statutory damages arising from DEFENDANTS' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and violations of the Texas Fair Debt Collection Practices Act, Tex. Fin. Code § 392.001 *et seq* ("TDCA").

- 1 -

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

2. Plaintiff's state law claim for Defendants' violations of the Texas Fair Debt Collection Practices Act (Tex. Fin. Code § 392.001 et seq.), arises under the same set of facts as Plaintiff's federal question, and supplemental jurisdiction is therefore proper pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff Lucero Salermo (hereinafter referred to as "Ms. Salermo" or "Plaintiff") is a natural person residing in Houston, Texas.

5. Plaintiff is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3), and in TDCPA at Tex. Fin. Code § 392.001(a)(1).

6. Plaintiff allegedly owes a (past due) loan consumer "debt" as defined by 15 U.S.C. § 1692a(5) and Tex. Fin. Code § 392.001(a)(2).

7. Defendant Hughes, Watters, & Askanase, L.L.P. (hereinafter referred to as "HWA") is located in Houston, Texas and is a Texas law firm, which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to

be owed or due to another and is, thus, a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(a)(6).

8. Defendants John Does are lawyers and employees of HWA, who regularly engage in the collection of debts allegedly due another and is, thus, a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(a)(6).

9. Defendant HWA is a law firm with non-lawyer employees who "regularly make contact with debtors for the purpose of collection or adjustment of debts" and is thus a "third-party debt collector" as defined by Tex. Fin. Code § 392.001(a)(7).

## STATEMENT OF FACTS

10. Ms. Salermo incurred a loan with Cy-Fair Federal Credit Union for the purpose of paying off credit cards used (primarily) to finance repairs to her home (hereinafter referred to as the "Debt").

11. Cy-Fair Federal Credit Union obtained the services of HWA to recover the Debt.

12. On April 3, 2019, HWA sent, or caused to be sent, a collection letter, attached hereto as Exhibit 1, to collect on the alleged Debt.

13. Exhibit 1 states in pertinent part:

**NOTWITHSTANDING ANYTHING ELSE IN THIS LETTER YOU HAVE THE FOLLOWING RIGHTS: UNLESS WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, AND NOTIFY THE UNDERSIGNED OF SUCH**

**DISPUTE, THE DEBT WILL BE PRESUMED TO BE VALID. IF WITHIN SUCH TIME PERIOD YOU DISPUTE THE DEBT, OR ANY PORTION THEREOF, UPON REQUEST THE UNDERSIGNED WILL FURNISH YOU WITH VERIFICATION OF THE DEBT.**

(Bold and ALLCAPS in the original.)

14. <u>Exhibit 1</u> did not state by whom the Debt may be assumed to be valid.

15. <u>Exhibit 1</u> did not state that in order to obtain verification of the Debt the dispute must be made in writing.

16. <u>Exhibit 1</u> also states:

**THIS NOTICE IS REQUIRED BY STATE LAW AND DOES NOT CHANGE OR SHORTEN THE TIME PERIOD FOR YOU TO REQUEST VERIFICATION OF YOUR DEBT AS DESCRIBED HEREIN**.

(Bold and ALLCAPS in the original.)

17. Texas state law does not require <u>Exhibit 1</u> or the text therein.

18. Ms. Salermo was confused by <u>Exhibit 1</u>.

19. <u>Exhibit 1</u> is on attorney letter head and signed by the law firm "HUGHES, WATTERS & ASKANASE, L.L.P."

20. Upon information and belief, <u>Exhibit 1</u> was drafted by non-lawyer "/kchavez."

21. Upon information and belief, no attorney had been involved in the debt collection process at the time <u>Exhibit 1</u> was sent to Ms. Salermo.

22. Exhibit 1 failed to notify Ms. Salermo that "no attorney with this firm has personally reviewed the particular circumstances of your account." *Gonzalez vs. Kay*, 577 F.3d 600, 605 (5th Cir. 2009) *quoting Greco vs. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365 (2d Cir. 2005).

23. Defendants John Does created, approved, directed, and/or supervised the preparation and sending of letters in the form of Exhibit 1 to Plaintiff and the class members.

24. Defendant HWA is a third-party debt collector because it has non-attorney employees, such as "/kchavez" who regularly make contact with debtors for the purpose of collection of debts.

25. At all times relevant hereto Defendant HWA did not have a surety bond on file with the Secretary of State of Texas.

## DEFENDANTS' ROUTINE PRACTICES

26. It is and was the routine policy and practice of Defendants HWA and John Does to send, or cause to be sent, letters in the form of Exhibit 1 to Texas residents in an attempt to collect debts incurred for personal, family, or household purposes.

27. It is and was the routine policy and practice of Defendants HWA and John Does to send, or cause to be sent, letters in the form of Exhibit 1 which fail to include the words "by the debt collector," or words to that effect, following "assumed to be valid."

28. It is and was the routine policy and practice of Defendants HWA and John Does to send, or cause to be sent, letters in the form of Exhibit 1 which fail to state that in order to obtain verification of the alleged debt the dispute must be "in Writing."

29. It is and was the routine policy and practice of Defendants HWA and John Does to send, or cause to be sent, letters in the form of Exhibit 1 which fail to state that "no attorney with this firm has personally reviewed the particular circumstances of your account."

30. It is and was the routine policy and practice of Defendants HWA to engage in debt collection without posting a surety bond on file with the Secretary of State of Texas.

## CLASS ACTION ALLEGATIONS

31. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

32. This action is brought on behalf of a class of similarly situated persons defined as (i) all Texas residents to whom HWA sent a letter in the form of Exhibit 1 (ii) which was not returned as undeliverable (iii) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendants or the creditors' records (iv) during the one year prior to the filing of this lawsuit.

33. Based on Defendants' use of documents in the form of Exhibit 1, the class is so numerous that joinder of all members is impractical. There are questions

of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal legal question is whether Defendants' letters in the form of <u>Exhibit 1</u> violated 15 U.S.C. §§ 1692e and g(a).

34. Plaintiff's claims and those of the class are based on the same facts and legal theories.

35. Plaintiff will fairly and adequately represent the interests of the class members.

36. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

38. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    (a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

    (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e, e(3), e(10), AND g(a)

39. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing.

40. Debt collectors are forbidden from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

41. Debt collectors must not falsely represent or imply "that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. §1692e(3).

42. Further, a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e(10).

43. In the instant matter, Exhibit 1 is on attorney letter head and signed generically by the law firm "HUGHES, WATTERS & ASKANASE, L.L.P."

44. Upon information and belief, Exhibit 1 was drafted by non-lawyer "/kchavez."

45. Upon information and belief, no attorney had been involved in the debt collection process at the time Exhibit 1 was sent to Ms. Salermo.

46. However, Exhibit 1 fails to notify Ms. Salermo that "no attorney with this firm has personally reviewed the particular circumstances of your account." *Gonzalez vs. Kay*, 577 F.3d 600, 605 (5th Cir. 2009) *quoting Greco vs. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 365 (2d Cir. 2005).

47. Defendants John Does created, approved, directed, and/or supervised the preparation and sending of letters in the form of <u>Exhibit 1</u> to Plaintiff and the class members.

48. Defendants' letters in the form of <u>Exhibit 1</u> violate 15 U.S.C. § 1692e, § 1692e(10), and § 1692g(a).

## **SECOND CLAIM FOR RELIEF**

## **VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e, e(10), AND g(a)**

49. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing.

50. Debt collectors are forbidden from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

51. Further, a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e(10).

52. Finally, the FDCPA requires that, within five days after the initial communication with a consumer in connection with the collection of any debt, the debt collector shall send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

53. On April 3, 2019, HWA sent, or caused to be sent, a collection letter, attached hereto as <u>Exhibit 1</u>, to collect on the alleged Debt.

54. <u>Exhibit 1</u> states in pertinent part:

**NOTWITHSTANDING ANYTHING ELSE IN THIS LETTER YOU HAVE THE FOLLOWING RIGHTS: UNLESS WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, AND NOTIFY THE UNDERSIGNED OF SUCH DISPUTE, THE DEBT WILL BE PRESUMED TO BE VALID. IF WITHIN SUCH TIME PERIOD YOU DISPUTE THE DEBT, OR ANY PORTION THEREOF, UPON REQUEST THE UNDERSIGNED WILL FURNISH YOU WITH VERIFICATION OF THE DEBT.**

(Bold and ALLCAPS in the original.)

55. <u>Exhibit 1</u> did not state by whom the Debt may be assumed to be valid.

56. <u>Exhibit 1</u> did not state that in order to obtain verification of the Debt the dispute must be made in writing.

57. <u>Exhibit 1</u> also states:

- 10 -

**THIS NOTICE IS REQUIRED BY STATE LAW AND DOES NOT CHANGE OR SHORTEN THE TIME PERIOD FOR YOU TO REQUEST VERIFICATION OF YOUR DEBT AS DESCRIBED HEREIN**.

(Bold and ALLCAPS in the original.)

58. Texas state law does not require Exhibit 1 or the text therein.

59. Ms. Salermo was confused by Exhibit 1.

60. Defendants' letters in the form of Exhibit 1 violate 15 U.S.C. § 1692e, § 1692e(10), and § 1692g(a).

## THIRD CLAIM FOR RELIEF

## VIOLATIONS OF THE TDCA (TEX. FIN. CODE. § 392.101(a))

61. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing.

62. Third-party debt collectors are prohibited from engaging in debt collection without first obtaining a surety bond in the amount of $10,000.00 and filing a copy of the bond with the secretary of state. Tex. Fin. Code. § 392.101(a)-(c).

63. Defendant HWA is a third-party debt collector because it has non-attorney employees, such as "/kchavez" who regularly make contact with debtors for the purpose of collection of debts.

64. In the instant matter, Exhibit 1 is on attorney letterhead and signed generically by the law firm "HUGHES, WATTERS & ASKANASE, L.L.P."

65. Upon information and belief, Exhibit 1 was drafted by non-lawyer "/kchavez."

66. Upon information and belief, no attorney had been involved in the debt collection process at the time Exhibit 1 was sent to Ms. Salermo.

67. Defendants John Does created, approved, directed, and/or supervised the preparation and sending of letters in the form of Exhibit 1 to Plaintiff and the class members.

68. No surety bond is on file with the Secretary of State's office in Texas.

69. Defendants' actions violate Tex. Fin. Code. § 392.101(a)-(c), and Plaintiff is entitled to recover statutory damages under Tex. Fin. Code. § 392.403(e).

## DEMAND FOR JURY TRIAL

70. Please take notice that Plaintiff Lucero Salermo demands trial by jury in this action.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Lucero Salermo respectfully requests that this Court grant the following relief in Plaintiff's favor, and on behalf of the class, and that judgment be entered against Defendants HWA and John Does for the following:

(1) Certify this matter to proceed as a class action pursuant to Rule 23;

(2) For statutory damages to be awarded to Plaintiff, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages to be awarded to Plaintiff, in an amount not less than $100.00, pursuant to TDCA § 392.403(e).

(4) For statutory damages to be awarded to the Class, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the Defendants;

(5) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims pursuant to FDCPA § 1692k(a)(3) and TDCA § 392.403(b).

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7) For any and all other relief this Court may deem appropriate.

DATED this 30th day of July 2019.

/s/ Sarah M. Cox
Sarah M. Cox, Esq.
SD TX No. 3408534
California Bar No. 245475
Law Office of Sarah M. Cox, PLLC
12770 Coit Rd, Ste 1100
Dallas, TX 75251
Tel: (214) 310-1321
Fax: (469) 716-4710
sarah@sarahcoxlaw.com

Keren E. Gesund, Esq.
Gesund & Pailet, LLC
3421 N. Causeway Blvd.
Suite 805

Metairie, LA 70002  
Tel: (702) 300-1180  
Fax: (504) 265-9492  
keren@gp-nola.com

O. Randolph Bragg, Esq.  
Horwitz, Horwitz& Associates  
25 East Washington Street, Suite 900  
Chicago, IL 60602  
Tel: (312) 372-8822  
Fax (312) 372-1673  
rand@horwitzlaw.com

*Attorneys for Plaintiff*