## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LUCERO SALERMO, on behalf of herself and all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 4:19-cv-02791** |
| **HUGHES, WATTERS, & ASKANASE, L.L.P. and JOHN DOES,** | ) ) ) | |
| **Defendants.** | ) ) | |

### DEFENDANT HUGHES, WATTERS, & ASKANASE, L.L.P.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)

Defendant Hughes, Watters, & Askanase, L.L.P. ("HWA" or "Defendant") files its

Motion to Dismiss ("Motion") pursuant to Rule 12(b)(1) and 12(b)(6) as follows:

# TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................................2

TABLE OF AUTHORITIES .....................................................................................3

INTRODUCTION ......................................................................................................5

ARGUMENTS & AUTHORITIES ...........................................................................6

    A.   Standard of Law ...........................................................................................6

    B.   Plaintiff's FDCPA Claims Fail. ...................................................................7

        1.   Plaintiff Fails to Establish Article III Standing. .......................................7

        2.   The FDCPA Was Not Passed to Overburden Debt Collectors to Cater to Bizarre or Idiosyncratic Interpretations. ............................................................... 11

    C.   Plaintiff's TDCA Claim Fails. .................................................................. 16

        1.   Defendant Has a Surety Bond on File. ..................................................... 16

        2.   Plaintiff Cannot Prove That the Bond Not Being on File Injured Plaintiff. .............. 18

CONCLUSION........................................................................................................ 19

CERTIFICATE OF SERVICE ............................................................................... 20

# TABLE OF AUTHORITIES

## Supreme Court Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).........................................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .....................................................6, 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)....................................................7

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016)...................................................7, 8, 14

## Circuit Cases

*Abercrombie v. Rogers, Carter, & Payne, LLC*, No. 15-2214, 2016 U.S. Dist. LEXIS
    183620, at *5 (W.D. La. Nov. 22, 2016) .....................................................................8, 9

*Allen v. Dovenmuehle Motrgage, Inc.*, Civil Action No. 3:13-CV-4710-L, 2015 U.S. Dist.
    LEXIS 83795, at *3 (N.D. Tex. June 29, 2015) ............................................................17

*Baye v. Midland Credit Mgmt.*, No. 17-4789, 2017 U.S. Dist. LEXIS 180062, at *20
    (E.D. La. 2017) .............................................................................................................12

*Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. Jun. 4, 2019) ..8, 9, 14

*Chuway v. Nat'l Action Fin. Serv., Inc*., 362 F.3d 944, 949 (7th Cir. 2004) ....................10

*Coleman v. Dretke,* 409 F.3d 665, 667 (5th Cir. 2005).......................................................16

*Cruz v. MRC Receivables Corp*., 563 F. Supp. 2d 1092, 1101 (N.D. Cal. 2008) .......14, 15

*Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003).........................................................17

*Durkin v. Equifax Check Servs.*, 406 F.3d 410, 415 (7th Cir. 2005)..................................12

*Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) .........................................11

*Hawk Aircargo, Inc. v. Chao.,* 418 F.3d 453, 457 (5th Cir. 2005)....................................16

*Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th
    Cir.1998) .........................................................................................................................6

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016)............13

*Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002)....................................................10

*McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012) ...................................10

*O'Toole v. Northrop Grumman Corp*., 499 F.3d 1218, 1225, 2007 WL 2421754, at *6
    (10th Cir. 2007)..............................................................................................................17

*Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)..............15

*Reynolds v. Medicredit, Inc.*, Civil Action No. 5:18-CV-99-XR, 2019 U.S. Dist. LEXIS
    9046, at *13 (W.D. Tex. 2019) ................................................................. 12

*Sayles v. Advanced Recovery Sys.*, 865 F.3d 246, 250 (5th Cir. 2017) ............................. 8

*Schnorrbusch v. Commercial Trade, Inc.*, No. 3:18-CV-1850-G, 2018 WL 6436418, at *2
    (N.D. Tex. Dec. 7, 2018) ........................................................................... 11

*St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 280 n. 6 (5th Cir. 1991) .... 16

*Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) ..... 11

*U.S. ex rel. Long v. GSDMldea City, LLC*, 798 F.3d 265, 275 (5th Cir. 2015) ................ 16

*Williams v. E.I. du Pont de Nemours and Co.*, 154 F. Supp. 3d 407, 2015 U.S. Dist.
    LEXIS 173112, 2015 WL 9581824, *2 (M.D.La. Dec. 30, 2015) ............................. 16

*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) ................................................... 6

**Texas Supreme Court Cases**
*Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986) ........................................... 17

**Texas Court of Appeals Cases**
*Elston v. Resolution Servs.*, 950 S.W.2d 180, 184-85 (Tex. App.—Austin 1997, no writ)
    .................................................................................................................. 17

**Constitutional Provisions**
U.S. CONST. art. III, § 2 ....................................................................................................... 7

**Statutes**
15 U.S.C. § 1692 .................................................................................................................. 4

15 U.S.C. § 1692e .............................................................................................................. 12

15 U.S.C. § 1692g(a) ......................................................................................................... 13

Tex. Fin Code § 392.403(a)(2) .......................................................................................... 17

Tex. Fin. Code § 392.001 .................................................................................................... 4

**Rules**
Fed. R. Civ. P. 12(b)(1) ....................................................................................................... 6

Fed. R. Evid. 901(7)(A) ..................................................................................................... 16

**Other Authorities**
S. Rep. No. 95-382, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696 ............... 11

## INTRODUCTION

1.      Plaintiff Lucero Salermo ("Plaintiff") filed this action alleging violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Texas

Debt Collection Act, Tex. Fin. Code § 392.001, et seq. ("TDCA"). Doc. 1. Plaintiff

speculatively alleges that a letter (the "Letter") sent by Defendant to Plaintiff violated 15

U.S.C. §§ 1692e, e(3), e(10), and g(a) by failing to notify Plaintiff that no attorney had

personally reviewed her account. *Id*.

2.      Plaintiff also alleges that the Letter violated 15 U.S.C. §§ 1692e, e(10), and g(a) by

not stating who would assume the debt to be valid, not stating that a dispute must be in

writing, and by including a statement that was not required by state law. *Id*. Plaintiff's

second cause of action revolves around two paragraphs in the Letter. The first is the

following portion (hereinafter the "Notice"):

> **NOTWITHSTANDING ANYTHING ELSE IN THIS LETTER YOU HAVE THE FOLLOWING RIGHTS: UNLESS WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, AND NOTIFY THE UNDERSIGNED OF SUCH DISPUTE, THE DEBT WILL BE PRESUMED TO BE VALID. IF WITHIN SUCH TIME PERIOD YOU DISPUTE THE DEBT, OR ANY PORTION THEREOF, UPON REQUEST THE UNDERSIGNED WILL FURNISH YOU WITH VERIFICATION OF THE DEBT.**

3.      Doc. 1-1 at 1. Additionally, Plaintiff alleges the following paragraph (hereinafter

the "State Law Notice") was improper:

> **THIS NOTICE IS REQUIRED BY STATE LAW AND DOES NOT CHANGE OR SHORTEN THE TIME PERIOD FOR YOU TO REQUEST VERIFICATION OF YOUR DEBT AS DESCRIBED HEREIN.**

<u>Doc. 1-1</u> at 2.

4.      Plaintiff's final claim alleges that Defendant violated the TDCA by engaging in debt collection without filing a copy of a surety bond with the Texas Secretary of State. *Id.*

5.      Plaintiff's Complaint fails to assert a concrete injury required for Article III standing. The Letter adequately identifies who would assume the debt to be valid, and the statement that the notice was required by state law was completely inconsequential. Finally, HWA's surety bond was on file. Plaintiff's allegations cannot entitle Plaintiff to relief, and therefore, HWA respectfully requests this Court grant its Motion to Dismiss.

## ARGUMENTS & AUTHORITIES

### A.      Standard of Law

6.      Under Rule 12(b)(1) a claim must be dismissed when the court finds a lack subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). In analyzing a Rule 12(b)(1) motion, "[t]he district court [] has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

7.       Under Rule 12(b)(6) a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a claimant must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion, the Supreme Court in *Iqbal* established a two-step approach.  First, a court should identify and disregard conclusory allegations in the complaint because they are "not entitled to the assumption of truth." *Id*. Second, a court should consider the well-pleaded factual allegations in the complaint to "determine whether they plausibly give rise to an entitlement to relief." *Id*. As discussed *infra*, Plaintiff did not satisfy these basic pleading standards.

## B.       Plaintiff's FDCPA Claims Fail.

### 1.       *Plaintiff Fails to Establish Article III Standing.*

8.       Plaintiff failed to allege sufficient facts to satisfy Article III requirements. To have standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that fact is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). These requirements are rooted in Article III, which limits a federal court's authority to the resolution of "Cases" or "Controversies." U.S. CONST. art. III, § 2.

9.      An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and quotation marks omitted). An alleged harm need not be tangible to be "concrete," but it must be "'real,' and not 'abstract.'" *Spokeo*, 136 S. Ct. at 1548. The question here is whether Plaintiff alleged that she suffered—or faced a real risk of suffering—a concrete harm.

10.     As recently recognized in *Casillas v. Madison Ave. Assocs., Inc.*, "the fact that Congress has authorized a plaintiff to sue a debt collector who 'fails to comply with any requirement [of the Fair Debt Collection Practices Act],' 15 U.S.C. § 1692k(a), does not mean that [plaintiff] has standing." *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019) (citing *Spokeo*, 136 S. Ct. at 1549 ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.")). Even where Congress has codified a statutory right, a plaintiff must still allege that she suffered a concrete and particularized injury connected to that interest. *Id.* "For that reason [a plaintiff may] not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo*, 136 S. Ct. at 1549 (holding that a violation of the Fair Credit Reporting Act's requirements does not necessarily result in harm, like, for example, when a consumer reporting agency disseminates a false zip code about a consumer).

11.     The Fifth Circuit recognized in *Sayles v. Advanced Recovery Systems* that *Spokeo* applies to FDCPA claims. *Sayles v. Advanced Recovery Sys.*, 865 F.3d 246, 250 (5th Cir. 2017). There, "a real risk of financial harm" was found to satisfy standing. *Id.* Further, the Western District of Louisiana dismissed a case where the plaintiff alleged a collector violated the § 1692g disclosure requirements by implying that—unless the plaintiff disputed the debt within thirty days—the debt would be assumed valid generally rather than by the debt collector specifically. *Abercrombie v. Rogers, Carter, & Payne, LLC*, No. 15-2214, 2016 U.S. Dist. LEXIS 183620, at *5 (W.D. La. Nov. 22, 2016). The court explained that to establish standing for § 1692g disclosure violations, a plaintiff must assert the violation caused him to suffer a "concrete harm (or a risk of harm) that the § 1692g requirements were designed to protect against — i.e., incorrectly dunning him or attempt[ing] to collect on a paid debt." *Id.* at *10. The plaintiff in *Abercrombie* did "not indicate that he ever intended to dispute the debt in any way," "contest the validity of the debt or the amount listed on the letter," nor "dispute the identity of the creditor." *Id.* Confusion or misapprehension as to rights may constitute a risk of real harm to satisfy the concreteness requirement, but not when a plaintiff fails to allege "that he ever intended to validate his debt, or harbored any potential basis to dispute it." *Id.*

12.     Similarly, in *Casillas*, the Seventh Circuit affirmed a lower court's ruling dismissing the debtor's action for lack of Article III standing. *Casillas*, 926 F.3d at 339. There, the collection agency sent the debtor a debt collection letter describing the debt verification process but "neglected to specify that she had to communicate in writing to trigger the statutory protections." *Id.* at 331. The court, however, held that the debtor failed to allege

that any of the collector's actions harmed or posed a real risk of harm to her interest under the FDCPA. *Id.* at 334. The debtor failed to allege any facts that she was in harm's way— no allegation that she tried to dispute or verify the debt, no allegation that she lost or risked losing her statutory protections. *Id.*

13.     In the present case, Plaintiff does not allege any actual harm in her Complaint. Plaintiff does not attribute any harm to HWA. Nor does she allege that the contents of HWA's Letter posed any real risk of harm to her interests under the FDCPA. Plaintiff's conclusory assertion that Defendant's Letter "confused" her is insufficient. Doc. 1 at ¶ 59. Plaintiff did not allege that she tried to dispute the debt or that she did not dispute the debt as a result of the Letter. Nor does she allege that she was duped or barred from disputing the debt. Further, Plaintiff does not allege that she made any payment on the debt, nor that she was forced into making payments because of HWA's Letter. Mere alleged confusion without any impact is not enough.

14.     Exactly like *Abercrombie*, Plaintiff suffered no harm from the general statement that the debt would be presumed valid. Like *Casillas*, Plaintiff suffered no harm from HWA failing to specify that a dispute for a verification should be in writing. Plaintiff alleges no risk of real harm from HWA's signature, nor from the inclusion of the State Law Notice. In short, Plaintiff was not put in harm's way as a result of the Letter. Plaintiff could not have suffered any harm, concrete or otherwise, as a result of the Letter. Plaintiff alleges nothing more than "bare procedural violation[s]" which are insufficient to satisfy Article III standing under *Spokeo*. Consequently, Plaintiff's FDCPA claims should be dismissed as a matter of law.

2.     *The FDCPA Was Not Passed to Overburden Debt Collectors to Cater to Bizarre or Idiosyncratic Interpretations.*

15.    Alternatively, should this Court find that Plaintiff has satisfied Article III standing, this Court still dismiss Plaintiff's Complaint as a matter of law. "The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *see also McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012); *Chuway v. Nat'l Action Fin. Serv., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004). In explaining the need for the FDCPA, Congress highlighted truly egregious collection practices, including the "use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." S. Rep. No. 95-382, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. Unsurprisingly, courts throughout the nation, including the Fifth Circuit, have made it clear that the FDCPA was passed not only to protect consumers but also debt collectors from unreasonable misinterpretations of collection notices. *See, e.g., Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Courts aim to protect "debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor*, 103 F.3d at 1236.

16.    To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Schnorrbusch v. Commercial Trade,*

*Inc.*, No. 3:18-CV-1850-G, 2018 WL 6436418, at *2 (N.D. Tex. Dec. 7, 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). "When determining compliance with the FDCPA, the Fifth Circuit has held that a court must evaluate any potential deception in a collection letter under an unsophisticated or least sophisticated consumer standard." *Id.* at *3 (internal quotations and alterations omitted). "The least sophisticated consumer has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id.* (internal quotations omitted). The "least sophisticated consumer standard will not protect consumers who intentionally distort communications or make irrational claims" and protects "debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Id.*

### i.  The Notice Does Not Violate §§ 1692e and 1692g.

17.     Plaintiff alleges the Notice violated §§ 1692e, e(10), and g because it "did not state by whom the Debt may be assumed to be valid" and "did not state that in order to obtain verification of the Debt the dispute must be made in writing." Doc. 1 at ¶¶ 55-56.

18.     Section 1692e states in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> . . .

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Dismissal under § 1692e is appropriate when "it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Baye v. Midland Credit Mgmt.*, No. 17-4789, 2017 U.S. Dist. LEXIS 180062, at *20 (E.D. La. 2017) (internal quotes and citations omitted). "[A] mere claim of confusion is not enough: a plaintiff must show that the challenged language of the letters unacceptably increases the level of confusion." *Durkin v. Equifax Check Servs.*, 406 F.3d 410, 415 (7th Cir. 2005) (quotation omitted); *see also Reynolds v. Medicredit, Inc.*, Civil Action No. 5:18-CV-99-XR, 2019 U.S. Dist. LEXIS 9046, at *13 (W.D. Tex. 2019).

19.     Section 1692g states in relevant part:

> (a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
>> . . .
>
>> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

15 U.S.C. § 1692g(a). "To satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (quoting *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)).

20.     The first relevant question before this Court for this claim is whether the unsophisticated consumer would understand who would assume the debt's validity. Plaintiff alleges the Notice does not state who would assume the debt to be valid, but the only reasonable way to read the Notice would be for it to mean HWA would assume the debt to be valid. The Notice discussed only "the undersigned," which could only indicate HWA. Using this as context, the unsophisticated consumer, who is expected to read the letter with care, could only interpret the Notice to mean that HWA—the entity sending the Letter—is the entity assuming the debt was valid.

21.     The next question surrounds whether Defendant's failure to include that a dispute must be in writing to obtain verification of the debt is an actionable violation of § 1692g. The answer is quite clearly no. The Seventh Circuit just ruled on this same issue. *Casillas*, 926 F.3d at 339. When a collection agency "neglected to specify that she had to communicate in writing to trigger the statutory protections," and the debtor failed to allege that any of the collector's actions harmed her interest under the FDCPA, the debtor could have no standing. *Id.* at 331-34. Plaintiff did not allege that she took any action (or did not take any action) based on the omission of the word "writing." Accordingly, she was not put in harm's way by this "bare procedural violation," and, just like the claim in *Casillas*, Plaintiff's claim must fail. *See Spokeo*, 136 S. Ct. at 1549.

### ii. The State Law Notice Did Not Violate § 1692e.[1]

22.    Plaintiff alleges the State Law Notice violated the FDCPA because Texas state law does not actually require such a notice.

23.    In *Cruz v. MRC Receivables Corp.*, the Northern District of California found that an unnecessary notice was inconsequential to the plaintiff and could not be an FDCPA violation. *Cruz v. MRC Receivables Corp.*, 563 F. Supp. 2d 1092, 1101 (N.D. Cal. 2008). The plaintiff alleged that it was false and misleading to state a notice was required by law when the notice had already been sent and was therefore no longer required. *Id*. The court held there could not have been a violation because "[n]o part of the letters was false with regard to the amount of [plaintiff's] debt or the possible consequences of her continued failure to pay that debt" and "[n]othing in the credit reporting notice can be seen as unfairly inducing [plaintiff] to take an action she might otherwise not take." *Id*. at 1102.  "Whether the letters said the notice was 'required by law' or 'permitted by law' or made no such reference at all," the plaintiff would not have experienced harm. *Id*. at 1101. "Read in the context of the letters as a whole, the credit reporting notices would not have been misleading or unfair to the least sophisticated consumer." *Id*. at 1102.

24.    Likewise, in the case at bar, unsophisticated consumer would not be misled or confused by the inclusion of the State Law Notice. The protections afforded consumers are not endangered by including that a notice is required when it is not. In fact, the unsophisticated consumer would likely not have recognized that state law did not require

---

[1] Because a state law notice does not fall under any of the § 1692g(a) provisions, Defendant addresses the State Law Notice allegations only under § 1692e.

the notice. Nonetheless, the State Law Notice "would not have been misleading or unfair to the least sophisticated consumer" when "[r]ead in the context of the letter[] as a whole." *Id.* Accordingly, the inclusion of the State Law Notice is not a violation of the FDCPA, and thus, Plaintiff's claim should be dismissed.

## C.      Plaintiff's TDCA Claim Fails.

### *1.      Defendant Has a Surety Bond on File.*

25.      Plaintiff alleges that Defendant violated Tex. Fin. Code § 392.101 because "No surety bond is on file with the Secretary of State's office in Texas." <u>Doc. 1</u> at ¶ 68. However, HWA did have a surety bond on file as made clear by the Texas Secretary of State's website. *See* <u>Exhibit A</u>.

26.      When considering a motion to dismiss, courts look to "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 338 (5th Cir. 2008)) (citations and internal quotation marks omitted). Although extrinsic evidence is not normally considered in a motion to dismiss, "the mere submission [or service] of extraneous materials does not by itself convert a Rule 12(b)(6) motion into a motion for summary judgment." *Williams v. E.I. du Pont de Nemours and Co*., 154 F. Supp. 3d 407, 2015 U.S. Dist. LEXIS 173112, 2015 WL 9581824, *2 (M.D.La. Dec. 30, 2015) (quoting *U.S. ex rel. Long v. GSDMldea City, LLC*, 798 F.3d 265, 275 (5th Cir. 2015) (quoting *Finley Lines Joint Protective Bd. v. Norfolk S. Corp*., 109 F.3d 993, 996 (4th Cir. 1997)). District courts have broad discretion in deciding whether to treat a motion to

<u>Defendant's Motion to Dismiss</u>
414.0002 Motion to Dismiss - Memo of Law
Page **16** of **20**

dismiss as one for summary judgment. *See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co*., 937 F.2d 274, 280 n. 6 (5th Cir. 1991). Moreover, the Fifth Circuit has recognized that "[i]f the district court does not rely on materials in the record, such as affidavits, it need not convert a motion to dismiss into one for summary judgment." *U.S. ex rel. Long*, 798 F.3d at 275 (citing *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995).

27.     The document attached as <u>Exhibit A</u> is the search results from the official Texas Secretary of State's Debt Collector Search website[2] which constitute public records under Federal Rule of Evidence 901(7)(A). *See* Fed. R. Evid. 901(7)(A). Further, the results are from an official government website, and thus are subject to judicial notice. *See, e.g., Coleman v. Dretke,* 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (Fifth Circuit taking judicial notice of Texas agency's website); *Hawk Aircargo, Inc. v. Chao.,* 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (taking judicial notice of information on official government website pursuant to Rule 201); *see also O'Toole v. Northrop Grumman Corp*., 499 F.3d 1218, 1225, 2007 WL 2421754, at *6 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.") (citations omitted).

28.     <u>Exhibit A</u> clearly shows that HWA has an active surety bond that was filed on September 28, 2018. <u>Exhibit A</u> at 2. Plaintiff's Complaint alleges that Defendant sent her the Letter on April 3, 2019—six months after the filing of HWA's surety bond. <u>Doc. 1</u> at

---

[2] https://direct.sos.state.tx.us/debtcollectors/DCSearch.asp.

<u>**Defendant's Motion to Dismiss**</u>
414.0002 Motion to Dismiss - Memo of Law

¶ 12. Consequently, Plaintiff has no claim under the TDCA, and her third cause of action should be dismissed.

### 2. *Plaintiff Cannot Prove That the Bond Not Being on File Injured Plaintiff.*

29.     Even if Plaintiff somehow could not find HWA's filed bond, her claim would still fail. To prevail on a claim under the TDCA, a plaintiff must show that she suffered actual, foreseeable injury as a result of the defendant's wrongful act(s). *See* Tex. Fin Code § 392.403(a)(2); *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986); *Elston v. Resolution Servs.*, 950 S.W.2d 180, 184-85 (Tex. App.—Austin 1997, no writ). Specifically, for Plaintiff to prevail, she must prove that she suffered injury as a result of there being no bond on file with the Secretary of State. *Elston*, 950 S.W.2d at 184; *Allen v. Dovenmuehle Motrgage, Inc.*, Civil Action No. 3:13-CV-4710-L, 2015 U.S. Dist. LEXIS 83795, at *3 (N.D. Tex. June 29, 2015). Moreover, evidence that Plaintiff suffered injury as a result of simply owing the debt does not support a finding of injury. *Elston*, 950 S.W.2d at 184-85 (no actual damages because evidence of Plaintiff's anxiety, physical ailments, and stress related to plaintiff's inability to pay debts, not to defendant's collection methods).

30.     In the present case, Plaintiff does not allege how Defendant not filing its surety bond caused her harm. Plaintiff does not even allege actual damages. Plaintiff must prove her injury was a result of Defendant's wrongful act, yet Plaintiff has not even alleged an injury resulting from Defendant's lack of having its surety bond filed. Accordingly, Plaintiff's cause of action under the TDCA must fail, and Defendant's Motion to Dismiss should be granted.

## CONCLUSION

31.    Plaintiff lacks standing for all of her claims. She alleges no harm and no actual damages, and Defendant in fact had a surety bond on file with the Secretary of State. Additionally, the unsophisticated consumer would understand that Defendant would be the party assuming the validity of the debt, and the inclusion of the State Law Notice was inconsequential. For these reasons, HWA respectfully requests that this Court dismiss with prejudice Plaintiff's Complaint as a matter of law.

Dated: September 18, 2019                    Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/Robbie Malone*
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
MALONE FROST MARTIN PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: (214) 346-2630 | F: (214) 346-2631

**Shepherd Prewett PLLC**
By:  */s/ Billy Shepherd*
Billy Shepherd
Federal I.D. No. 10666
Texas Bar No. 18219700
bshepherd@spcounsel.com
770 South Post Oak Lane, Suite 420
Houston, Texas 77056
Telephone No. (713) 955–4440
Facsimile No. +1 (713) 766–6542

***Attorneys for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been filed and forwarded via **CM/ECF** to Plaintiff's counsel below on this 18th day of September, 2019.

**Sarah M. Cox**
Law Office of Sarah M. Cox,
PLLC
12770 Coit Rd., Ste. 1100
Dallas, TX 75251
Email: sarahcoxlaw.com

**Keren E. Gesund**
Gesund & Pailet, LLC
3421 N. Causeway Blvd., Ste. 805
Metairie, LA 70002
Email: keren@gp-nola.com

**O. Randolph Bragg**
Horwitz, Horwitz & Associates
25 E. Washington St., Ste. 900
Chicago, IL 60602
Email: rand@horwitzlaw.com


*/s/ Robbie Malone*
ROBBIE MALONE